# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FRANK McNIEL, M.D. and )
JANET McNIEL, M.D., )
                                )

      Plaintiffs/Appellants, )
                                )      Davidson Chancery
                                )      No. 95-1400-I
VS. )

                                )      Appeal No.
                                )      01A01-9608-CH-00383
TENNESSEE BOARD OF )
MEDICAL EXAMINERS, )
                                )

      Defendant/Appellee. )

## CONCURRING OPINION

**FILED**

**March 5, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

The orders handed down by the Tennessee Board of Medical Examiners on March 6, 1995 can stand only if the board's conclusions are supported by substantial and material evidence. *See* Tenn. Code Ann. § 4-5-322(h)(5) (Supp. 1996). Cases of this sort require either admissions by the accused physician, *Williams v. State Dep't of Health & Env't*, 880 S.W.2d 955, 958 (Tenn. Ct. App. 1994), or expert proof concerning the standard of professional conduct alleged to have been violated. *Williams v. Tennessee Bd. of Medical Examiners,* App. No. 01A01-9402-CH-00060, 1994 WL 420910, at *6-8 (Tenn. Ct. App. Aug. 12, 1994) (No Tenn. R. App. P. 11 application filed).

The board produced neither in this case. The Doctors McNiel did not concede that their prescription practices were contrary to the applicable statutory requirements or standard of care, and Dr. Brian W. Christman's testimony was too indefinite and equivocal to support the board's disciplinary actions. Accordingly, I concur with the results of the court's opinion.

                                          _____
                                          WILLIAM C. KOCH, JR., JUDGE